BERNUTH-LEMBCKE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17018. Promulgated September 27, 1929.

*A. E. James, Esq.*, for the petitioner.
*C. H. Curl, Esq.*, and *I. G. Carpenter, Esq.*, for the respondent.

600

## OPINION.

MURDOCK: The charge-off in question in this case is really a partial write-off of a single account rather than an addition to a reserve for bad debts and if the deduction is to be allowed it must be as a debt recoverable only in part and charged off in part. The Revenue Act of 1921, which applies here, was the first revenue act containing a provision for the deduction of a partial charge-off. In section 234 (a) (5) it provided for the deduction of:

Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

The petitioner claims that the $50,000 was properly deducted because a debt was recoverable only in part and was charged off in part. We agree with this contention. The Chipman Chemical Engineering Co. had borrowed $427,631.22 from the petitioner at the close of 1921. This fact was clearly shown by the evidence, which included pages from the books of the two companies. In addition, the Chipman Chemical Engineering Co. owed some money to others, the total amount of money which it thus owed was about $573,000, leaving out of consideration its liability to its stockholders as such. Its total assets at the time were not worth $573,000, and in our opinion were not worth more than $500,000, if indeed they were worth that much. One important reason for this insolvent condition was that the arsenic mine property carried on the books at about $450,000 was in reality worth only about $10,000. Vain efforts had been made to sell it for more. Other assets were worth considerably less than the amount at which they were carried on the books of the company. If the company had been allowed to discontinue business, much of its equipment would have been even less valuable. The officers of the petitioner, hoping to salvage some part of their company's investment in the Chipman Chemical Engineering Co., continued to advance it money even after the taxable year. But at the close of 1921 they believed that they would have a loss of at least $50,000 on the money they had already advanced. We believe they were justified in this belief and that their debt was recoverable only in part. *Holmes Ives*, 5 B. T. A. 934; *Lamb Lumber & Implement Co.*, 6 B. T. A.

429. The deficiency should be recomputed allowing the deduction of $50,000.

The Commissioner in his brief claims that, of the money advanced, much went as consideration for stock. We think, however, that the cost, if any, of the petitioner's stock in the Chemical Co. must be computed without including any part of the money advanced by the petitioner as loans to the Chemical Co. We have here no question of gain or loss on the stock and we need not further consider that phase of the case.

The petitioner, however, contends that it should have charged off and is now entitled to charge off more than $50,000, to wit, $144,000, either on account of a debt recoverable only in part or as a reasonable addition to a reserve. Neither the facts nor the law would, in our opinion, justify or permit a larger deduction than $50,000.

*Judgment will be entered under Rule 50.*